## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN BRYANT, on behalf of himself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| SPINNAKER RESORTS, INC. and KING'S CREEK PLANTATION, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff John Bryant (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Spinnaker Resorts, Inc. ("Spinnaker") to market King's Creek Plantation, LLC's ("Kings Creek") facility through the use of telemarketing calls to individuals who listed their telephone numbers on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

3. Mr. Bryant also alleges that Spinnaker uses automated systems to make telemarketing calls for King's Creek from Florida, and that by doing so, Defendants have violated the provisions of the Florida Telephone Solicitations Act, Fla. Stat. § 501.059 ("FTSA").

4. Mr. Bryant also alleges that Spinnaker failed to timely identify itself or transmit proper caller identification information in connection with its calls and otherwise made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call Registry, and that by doing so, Defendants have violated the provisions of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA").

5. The recipients of Defendants' illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA, FTSA, and VTPPA

and because the technology used by Defendants makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

6. Plaintiff John Bryan is, and at all times mentioned herein was, an individual citizen of the state of Virginia.

7. Defendant Spinnaker Resorts, Inc. is a Florida corporation with its registered agent in this District.

8. Defendant King's Creek Plantation, LLC is a Virginia limited liability company with a time share property in Virginia. The King's Creek property is a "Spinnaker Resorts" branded property.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA and VTPPA claims, as they arise out of the same telemarketing campaign as the TCPA claims.

10. This Court has general personal jurisdiction over Spinnaker because it resides here, and specific personal jurisdiction over King's Creek because it contracted with Spinnaker to make calls on its behalf from this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were made from this District and Spinnaker resides here.

## TCPA BACKGROUND

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

15. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

16. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message

when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

17. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

18. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

19. Defendants are "person[s]" as the term is defined by 47 U.S.C. § 153(39).

20. The Plaintiff's phone number ending in 1901, has been on the National Do Not Call List since prior to January 1, 2020.

21. The number has a Virginia area code.

22. The number is used by the Plaintiff for personal purposes.

23. The number is not associated with a business.

24. At no point has Plaintiff provided his written consent to receive telemarketing calls from the Defendants.

25. Indeed, the Plaintiff has previously filed suit against King's Creek for making telemarketing calls to him without his permission.

26. Despite this, the Plaintiff has repeatedly received calls from Spinnaker promoting its King's Creek vacation property.

27. On October 4, 2021, Plaintiff received a call from 757-553-3963.

28. The caller identification information for the call did not include the named of the telephone solicitor, and the 3963 number, when called back, did not permit, during regular business hours, the Plaintiff to make a request not to receive telephone solicitations.

29. Prior to the caller joining the call there was a delay and a bloop sound which is indicative of the use of calling software that makes automated calls and then queues answered calls for available agents.

30. The caller failed to identify himself or on whose behalf he was calling.

31. Ultimately, the caller promoted a time share presentation "under the name of Spinnakers" at "191 Cottage Cove Lane, Williamsburg".

32. 191 Cottage Cove Lane, Williamsburg is the address for the "Spinnaker Resorts" King's Creek property. https://www.spinnakerresorts.com/resorts/williamsburg-va/kings-creek-resort/ (last visited Nov. 2, 2021).

33. The next day on October 5, 2021, Plaintiff received another call from "David" from the same number, again promoting a Spinnaker time share presentation at the King's Creek property.

34. Other consumers have complained about the same types of unsolicited calls regarding the King's Creek property:

> Kings Creek Plantation (Realty) practices unethical marketing. They are spamming my phone constantly and I cannot stop them or contact a human being I get 6 or more calls a day, EVERY DAY, from Kings Creeks (Realty (Plantation/Timeshare). I have blocked the numbers but they just go to my voicemail and load it up. Despite "Do Not Call" lists and blocking from my phone, I still cannot stop these idiots. I think that these people are extremely unethical. I know your office knows about this timeshare business because the complaints on line about this company are ubiquitous. I tried to contact this company by phone without calling their "reserve an appointment" phone number to no avail. I am retired and Williamsburg is less than an hour away by car. We use to visit Williamsburg quite often but we have not lately simply because of the bad vibes this company is providing your city.. That is because this creepy, high-pressure sales/spamming business is sucking all the good feelings about Williamsburg right out of us. Please, do something about it.

https://www.bbb.org/us/va/williamsburg/profile/timeshare-companies/kings-creek-resorts-llc-0583-51000709/complaints (last visited Nov. 2, 2021).

35. Not surprisingly, Spinnaker has been sued before for precisely this type of telemarketing conduct – making unsolicited calls to consumers' telephone numbers registered with the National Do Not Call Registry regarding its timeshare properties.

7

36. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

37. Plaintiff bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendants' goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.
>
> **Virginia Telephone Privacy Protection Act Do Not Call Registry Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call regarding Defendants' goods and/or services, (2) to a number on the National Do Not Call Registry (3) from

the four years prior to the filing of the complaint through the date of trial.

**Virginia Telephone Privacy Protection Act Failure to Identify Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call regarding Defendants' goods and/or services, (2) during which the caller failed to promptly identify themselves by first and last names and/or failed to promptly identify the Defendants as the persons on whose behalf the telephone solicitation was being made (3) from the four years prior to the filing of the complaint through the date of trial.

**Virginia Telephone Privacy Protection Act Caller Identification Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call regarding Defendants' goods and/or services, (2) that did not include the transmission of the name of the caller or from a number that did not permit, if called back during regular business hours, an individual to make a request not to receive telephone solicitation calls (3) from the four years prior to the filing of the complaint through the date of trial.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

39. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendants.

## Numerosity

40. Members of the Classes are so numerous that their individual joinder is impracticable.

41. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Classes number in the thousands.

42. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

43. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

## Commonality

44. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

45. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Telephone Consumer Protection Act, Florida Telephone Solicitation Act, or Virginia Telephone Privacy Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

46. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendants without giving them his consent to receive such calls.

### Adequacy of Representation

47. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

48. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

49. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

50. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

51. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the

judicial system would be heightened in this case, given the complex legal and factual issues at play.

52. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

53. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

54. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

55. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

56. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendants.

57. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

58. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

59. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

60. In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

61. Defendants made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

62. As a result of Defendants' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

63. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

64. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

65. The Defendants' violations were negligent, willful, or knowing.

66. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

67. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## COUNT III
### Violation of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-514
### On Behalf of Plaintiff and the Virginia Telephone Privacy Protection Act National Do Not Registry Call Class

68. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

69. Plaintiff brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act National Do Not Call Registry Class Members against Defendants.

70. It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

71. A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

72. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

73. In violation of the VTPPA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

15

74. As a result of Defendants' conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT IV
### Violation of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-512
### On Behalf of Plaintiff and the Virginia Telephone Privacy Protection Act Failure to Identify Call Class

75. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

76. Plaintiff brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act Failure to Identify Class Members against Defendants.

77. It is a violation of the VTPPA to make or have made a telephonic sales call during which the caller fails to promptly identify themselves by first and last names and/or fails to promptly identify on whose behalf the telephone solicitation is being made. Va. Stat. § 59.1-512.

78. A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

79. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

80. In violation of the VTPPA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though during the calls the caller failed to promptly identify themselves by first and last names and/or failed to promptly identify the Defendants as the persons on whose behalf the telephone solicitations were being made.

81. As a result of Defendants' conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT V
### Violation of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-513
### On Behalf of Plaintiff and the Virginia Telephone Privacy Protection Act Caller Identification Class

82. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

83. Plaintiff brings this claim individually and on behalf of the Virginia Telephone Privacy Protection Act National Do Not Call Registry Class Members against Defendants.

84. It is a violation of the VTPPA to make or have made telephone solicitation calls that do not include the transmission of the name of the caller and/or from numbers that do not permit, if called back during regular business hours, an individual to make a request not to receive telephone solicitation calls. Va. Stat. § 59.1-513.

85. A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

86. Defendants failed to secure prior express written consent from Plaintiff and the Class Members.

87. In violation of the VTPPA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the calls did not include the transmission of the name of the caller and/or were made from numbers that did not permit, if called back during regular business hours, an individual to make a request not to receive telephone solicitation calls.

88. As a result of Defendants' conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA, FTSA and VTPPA; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: November 3, 2021       PLAINTIFF, on behalf of himself
                              and others similarly situated,

                              */s/ Avi Kaufman*
                              Avi R. Kaufman (FL Bar no. 84382)

kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the
putative Classes*