## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

JOHN BRYANT, on behalf of himself
and others similarly situated,

        Plaintiff(s),

vs.

SPINNAKER RESORTS, INC. and KING'S
CREEK RESORTS LLC,

        Defendants.

Case No. 6:21-cv-01837 (PGB) (GJK)

Judge Paul G. Byron
Magistrate Judge Gregory J. Kelly

## DEFENDANTS SPINNAKER RESORTS, INC. AND KING'S CREEK RESORTS LLC'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Defendants, Spinnaker Resorts, Inc. ("SRI") and King's Creek Resorts LLC ("KCR") (together, "Defendants"), move this Court for the entry of an Order: (1) dismissing all Counts of Plaintiff's First Amended Complaint ("FAC") against KCR for lack of personal jurisdiction; (2) dismissing all Counts of the FAC against SRI for failure to state a claim upon which relief may be granted; (3) dismissing Count I of the FAC against Defendants for lack of standing and failure to state a claim; and (4) dismissing the FAC for improper venue.  In support of their Motion, Defendants submit the following Memorandum of Law:

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

<u>Lack of Personal Jurisdiction (KCR)</u>:  This Court cannot exercise personal jurisdiction over KCR because Florida's long-arm statute does not extend to KCR and KCR does not have the constitutionally required minimum contacts with Florida.  KCR is a Virginia limited liability company located in Williamsburg, Virginia.  KCR does not engage in telemarketing in Florida and did not make or direct any calls to Plaintiff.

A Florida court's assertion of personal jurisdiction over KCR would violate its Constitutional due process rights by forcing KCR to defend a civil suit in a jurisdiction where KCR is not licensed to do business, never transacted business of any kind including telemarketing, does not employ a sales or marketing staff, does not advertise, owns no property, and does not maintain an office or bank account.  Because Plaintiff cannot meet his burden of establishing KCR is subject to personal jurisdiction in a Florida court, dismissal is appropriate.

<u>Failure to State a Claim (SRI)</u>:  Plaintiff's FAC should be dismissed in its entirety as to SRI because SRI is not a proper defendant.  Plaintiff alleges SRI made telemarketing calls to Plaintiff in violation of the Telephone Consumer Protection Act of 1991 ("TCPA") and the Virginia Telephone Privacy Protection Act ("VTPPA").  SRI is a parent company with no employees that does not make telemarketing calls to potential customers.  For this reason, sister courts in the

District of New Jersey and the District of South Carolina have previously dismissed SRI as a defendant in putative class actions claiming TCPA violations based on alleged telemarketing calls made by SRI. SRI does not make the calls, so it is not a proper defendant.

Failure to State a Claim – Count I (SRI and KCR): Count I of the FAC should be dismissed because Plaintiff fails to state a claim under the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. 64.1200(c)(2). Plaintiff does not allege that the telephone number that received telemarketing calls is a residential telephone number, which is fatal to his claim.

Improper Venue: This Court should dismiss the FAC for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. ¶ 1406. With the anticipated dismissal of SRI, Plaintiff cannot establish that venue is proper in this federal district because (1) no remaining defendant resides in this district, (2) the events at issue took place in Virginia, not Florida, and (3) no remaining defendant is subject to personal jurisdiction in Florida. Therefore, Plaintiff cannot satisfy the requirements of 28 U.S.C. § 1391(b), and this Court should dismiss the action pursuant to 28 U.S.C. § 1406(a).

## II.      BACKGROUND, FACTS, AND PROCEDURAL HISTORY

### A.      Relevant Procedural History

On November 3, 2021, Plaintiff, John Bryant ("Plaintiff") filed a putative class action Complaint against SRI and King's Creek Plantation, LLC ("KCP"). [ECF No. 1].  On November 17, 2021, Plaintiff dismissed KCP, which left SRI as the only remaining defendant.  [ECF No. 8].

On December 31, 2021, SRI filed a motion to dismiss the Complaint for failure to state a claim.  [ECF No. 16].  In lieu of responding to SRI's motion, Plaintiff filed his FAC, which added KCR as a defendant and removed Plaintiff's claim brought under the Florida Telephone Solicitations Act.  [ECF No. 23].

### B.      Plaintiff's FAC's Allegations

With regard to jurisdiction, Plaintiff alleges the Court has subject matter jurisdiction because Count I alleges a violation of a federal statute, the TCPA.  [ECF No. 23, ¶ 8].  Plaintiff claims supplemental jurisdiction exists for Counts II-IV brought under the VTPPA.  [ECF No. 23, ¶ 8].  Plaintiff alleges this Court has specific personal jurisdiction over KCR because KCR "contracted with [SRI] from this District to have calls made on [SRI's] behalf."  [ECF No. 23, ¶ 9].

Plaintiff alleges that he has a telephone number bearing a Virginia area code and ending in 1901, which he uses for "personal purposes."  [ECF No. 23, ¶¶ 15-

17].  Plaintiff alleges this number has been registered on the National Do Not Call Registry since an unspecified date prior to January 1, 2020.  [ECF No. 23, ¶ 15].

Plaintiff alleges he received a call on October 4, 2021, from telephone number 757-553-3963, and the caller promoted a time share presentation "under the name of Spinnakers" at "191 Cottage Cove Lane, Williamsburg."  [ECF No. 23, ¶¶ 22, 26].  Plaintiff alleges this address is for "'Spinnaker Resorts' King's Creek property."  [ECF No. 23, ¶ 27].  Plaintiff alleges he received a second call on October 5, 2021, from the same number, and an individual named "David" said he was "promoting a Spinnaker time share presentation at the King's Creek property."  [ECF No. 23, ¶ 28].

Based on these allegations, Plaintiff alleges violations of the TCPA and the VTPPA, and purports to represent one nationwide TCPA subclass and three Virginia VTPPA subclasses.  [ECF No. 23, ¶¶ 32, 50-75].

### C.    KCR is a Virginia Limited Liability Company Located in Williamsburg, Virginia, With No Connection to Florida.

KCR is a Virginia limited liability company with its principal place of business in Williamsburg, Virginia.  **Exh. A**, Decl. of Alison Wyatt dated March 7, 2022, ¶ 6.   KCR is a resort vacation destination that also provides vacation ownership options in Williamsburg, Virginia, offering cottages, townhomes, and estates for families and owners visiting the area.  Exh. A, ¶ 7.

KCR does not conduct telemarketing activities or make telephone calls to solicit sales from potential customers.  Exh. A, ¶ 20.  KCR did not hire or contract with independent third-party marketing vendors to conduct telemarketing activities.  Exh. A, ¶ 22.  KCR does not have any contract or agreement with SRI to make calls on behalf of SRI, nor has it ever contracted with SRI to do so.  Exh. A, ¶ 23.  KCR did not enter into any agreement with SRI in Florida or anywhere else to make the alleged telemarketing calls to Plaintiff.  Exh. A, ¶ 24.

KCR does not transact business in Florida and has no employees in Florida.  Exh. A, ¶¶ 9, 17.  KCR does not own property in Florida, it does not maintain an office or bank account in Florida, and it does not have a telephone number or a telephone directory listing in Florida.  Exh. A, ¶¶ 10-12, 14.  KCR is not licensed to do business in Florida and does not have a registered agent there.  Exh. A, ¶¶ 15, 16.  KCR does not advertise in Florida and it does not sponsor, conduct, or participate in any sales promotion event, trade show, or conference in Florida.  Exh. A, ¶¶ 18, 19.  It does not pay taxes in or to Florida.  Exh. A, ¶ 13.

### D.     SRI Does Not Make Telemarketing Calls to Potential Customers.

As reflected in its Amended Certificate of Interested Parties and Corporate Disclosure Statement, SRI is a Florida corporation located in Hilton Head Island, South Carolina.  [*See* ECF No. 35].  KCR is a subsidiary of SRI.  [ECF No. 35].

SRI has been consistently dismissed as a party from TCPA-related actions because SRI does not make telemarketing calls.   For example, a putative nationwide TCPA class action was filed against SRI in the District of New Jersey in 2016.   *See Cardenas v. Spinnaker Resorts, Inc.*, No. 16-2466 (JLL), 2017 WL 3315285 (D.N.J. Aug. 3, 2017).   The district court dismissed the action against SRI for lack of personal jurisdiction following jurisdictional discovery.   *Id.*   In the decision, Chief Judge Linares found that SRI "did not make the calls in question to [p]laintiff, and [p]laintiff fails to allege other ways in which [SRI] purposefully availed itself of the forum."   *Id.* at *4.

Ms. Cardenas refiled her putative class action against SRI in the District of South Carolina, and that district court granted SRI's motion to dismiss for failure to state a claim.   *Cardenas v. Spinnaker Resorts, Inc.*, No. 9:18-761-BHH, 2019 WL 7761751 (D.S.C. Mar. 5, 2019).   The plaintiff filed a motion for reconsideration thereafter and was granted limited relief by the court that did not alter the dismissal of SRI.   *See Cardenas v. Spinnaker Resorts, Inc.*, No. 9:18-761-BHH, 2019 WL 7761707 (D.S.C. July 3, 2019).   In clarification of the district court's previous ruling, Judge Hendricks ruled that "Plaintiff is precluded from asserting that [SRI] itself made the alleged calls or that [SRI] is liable for the alleged calls."   *Id.* at *2.

In a separate putative nationwide TCPA class action, the plaintiff initially filed suit against SRI.   *See* **Exh. B**, Stipulation Granting Plf. Leave to File Amended

Compl. in *Dudas v. Spinnaker Resorts, Inc.*, No. 2:20-cv-06008-MHW-CMV, ECF No. 30 (S.D. Ohio Nov. 3, 2021).[1]  Following jurisdictional discovery, the parties agreed to stipulate to the filing of an amended complaint, which dismissed SRI.  *Id.*  The stipulation states that, "[b]ased on information learned in the jurisdictional discovery ordered by the Court, *see* ECF No. 20, the First Amended Complaint removes [SRI] as a defendant."  *Id.*, ¶ 2.

### E.    Plaintiff Previously Sued King's Creek Entities and Third Party Telemarketing Vendors for Alleged Telemarketing Calls.

Plaintiff has "previously filed suit against [King's Creek entities] for making telemarketing calls to him."  [ECF No. 23, ¶ 20].  Based on his prior litigation experience, Plaintiff understands SRI is not a proper party to this action.

On May 6, 2020, Plaintiff filed a putative nationwide TCPA and VTPPA class action complaint against King's Creek Plantation, LLC ("KCP"),[2] Vacation Reservation Center, LLC ("VRC"), a telemarketing vendor named Trekago Travel Group, LLC, and a fictitious John Doe Corporation representing another unidentified telemarketing vendor, in the United States District Court for the Eastern District of Virginia.  *See* **Exh. C**, Plaintiff's First Amended Complaint in

---

[1] Attorney Anthony Paronich represents Mr. Dudas in that putative nationwide TCPA class action.  Mr. Paronich also represented Plaintiff John Bryant against King's Creek Plantation, LLC, Vacation Reservation Center, LLC, and a vendor named Trekago Travel Group, LLC in a separate putative TCPA and VTPPA class action filed in the United States District Court for the Eastern District of Virginia.  *See* **Exh. C**.

[2] In December 2020, KCR acquired certain assets of KCP.  Exh. A, ¶ 3.

*Bryant v. King's Creek Plantation, LLC*, No. 4:20-cv-00061-RCY-LRL, ECF No. 25 (E.D. Va. May 6, 2020).  Mr. Bryant alleged that KCP had business relationships with VRC and third-party vendors like Trekago for the purpose of making telemarketing calls to market the King's Creek property.  Exh. C, ¶¶ 5, 6.  Mr. Bryant further alleged that VRC and the telemarketing vendors, were the entities that made telemarketing calls to him—not KCP.  Exh. C, ¶ 7.

Mr. Bryant's allegations in the Virginia action show his understanding of the relationship of KCP, VRC, and VRC's purported hiring of third-party telemarketing vendors in 2020.  Exh. C, ¶¶ 109-111.  Specifically, Mr. Bryant alleged that VRC "hir[ed] and supervis[ed] third party call centers to generate new business for King's Creek."  Exh. C, ¶ 110.

In the Virginia action, Mr. Bryant alleged he was a citizen of Virginia with a cellular telephone number bearing Virginia area code 757 and ending in 0212.  Exh. C, ¶¶ 10, 70.  Mr. Bryant alleged that he used this number exclusively for residential, non-commercial purposes.  Exh. C, ¶ 101.  Mr. Bryant alleged he received telemarketing calls to this telephone number from either KCP, VRC, or one of the telemarketing vendors.  Exh. C, ¶¶ 71, 144, 149, 154.

In addition, Mr. Bryant admitted that, prior to the Virginia action, he had previously sued "King's Creek for the ***conduct of its telemarketing companies***, resulting in a win at trial."  Exh. C, ¶ 118 (emphasis added).

Mr. Bryant thus has a thorough history and understanding regarding telemarketing for the King's Creek resort property.  He further understands that an entity named VRC purportedly hired third-party vendors to conduct telemarketing.  Exh. C, ¶¶ 109-111, 118, 144, 149, 154.  This understanding was obtained well before Mr. Bryant filed this action against SRI in November 2021.

## III.    STANDARD OF REVIEW

### A.    Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

A court must dismiss an action against a defendant over which it lacks personal jurisdiction.  Fed. R. Civ. P. 12(b)(2); *Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010); *see also Rogers v. Coloplast Corp.*, No. 6:20-cv-1551-PGB-EJK, 2021 WL 3017486 at *2 (M.D. Fla. June 1, 2021) (Byron, J.).  "A plaintiff seeking the exercise of personal jurisdiction over the nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

When a defendant challenges personal jurisdiction via affidavit, the plaintiff must rebut the evidence.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Knepfle v. J-Tech Corp.*, 419 F. Supp. 3d 1281, 1286 (M.D. Fla. 2019).  "Doubts as to whether a *prima facie* case for personal jurisdiction has been made are construed in

favor of the defendant and unrefuted allegations in the defendant's affidavit are presumed to be true." *Knepfle*, 419 F. Supp. 3d at 1286.

### B.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Factual allegations that are merely consistent with a

defendant's liability fall short of being facially plausible.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

On a motion to dismiss under Rule 12(b)(6), a court ordinarily considers only the allegations within the four corners of the complaint and documents attached thereto.  *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)).  But "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment … if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)).  "'Undisputed' in this context means that the authenticity of the document is not challenged."  *Horsley*, 304 F.3d at 1134.

On a motion to dismiss, a court may properly consider matters of public record.  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999).  Matters of public record may include pleadings and orders from previously filed civil actions.  *Horne v. Potter*, 392 Fed. App'x 800, 802 (11th Cir. 2010); *see also Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (complaint filed in a different federal district court).  For example, a court may properly take judicial notice of documents publicly filed with the SEC at the motion to dismiss stage in a securities fraud action.  *Bryant*, 187 F.3d at 1277-78.

## IV.   ARGUMENT

### A.   The Court Should Dismiss the Action as to KCR for Lack of Personal Jurisdiction.

This Court may not exercise personal jurisdiction over KCR because jurisdiction does not extend over KCR under the Florida long-arm statute, KCR lacks the necessary minimum contacts with Florida, and the exercise of jurisdiction over KCR would not comport with traditional notions of fair play and substantial justice.   To resolve a question of personal jurisdiction, the Court considers (1) whether personal jurisdiction exists over the nonresident defendant under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the Constitution. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).[3]

### 1.   KCR Is Not Subject to Specific Personal Jurisdiction Under the Florida Long-Arm Statute.

The reach of Florida's long-arm statute is a question of Florida law, and this Court is required to apply the statute as would the Florida Supreme Court.   *Louis*

---

[3] Here, where the case is brought pursuant to federal question jurisdiction based on alleged TCPA violations, the same personal jurisdiction analysis applies as when the Court is sitting in diversity.  *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996) ("When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction."); *see also Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342, 1348 (M.D. Fla. 2018) (noting that TCPA is silent regarding service of process); *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) (same).

*Vuitton*, 736 F.3d at 1352.  The Court also adheres to the interpretations of the Florida District Courts of Appeal absent any indication the Florida Supreme Court would hold otherwise.  *Id.*  Florida's long-arm statute is strictly construed.  *Id.*

Florida's long-arm statute recognizes both general and specific jurisdiction. *Id.* (citing Fla. Stat. § 48.193(1), (2)).  Here, Plaintiff's FAC concedes that general personal jurisdiction does not exist as to KCR.  Plaintiff only alleges the Court has "specific personal jurisdiction over [KCR] because it contracted with Spinnaker from this District to have calls made on Spinnaker's behalf."  [ECF No. 23, ¶ 9].

Based on Plaintiff's jurisdictional allegations, the Florida long-arm statute does not extend to KCR for three reasons.  First, contrary to Plaintiff's allegation, no "contract" or "agreement" exists between SRI and KCR for either SRI or KCR to make telemarketing calls at all, or for either entity to make telemarketing calls on behalf of the other entity.  Exh. A, ¶¶ 23, 24 .  Neither SRI nor KCR conducts telemarketing activities to potential customers.  Exh. A, ¶¶ 20-24; *Cardenas*, 2017 WL 3315285 at *4.  Neither SRI nor KCR hires or contracts with independent third-party contractors to conduct telemarketing activities to potential customers.  Exh. A, ¶¶ 20-22; *Cardenas*,  2017 WL 3315285 at *4.  Because no such "contract" exists between SRI and KCR, Plaintiff's jurisdictional allegation is demonstrably false and no basis for jurisdiction has been stated.

Second,  even if KCR entered into a supposed "contract" with SRI (it has not), that act would not result in jurisdiction under the Florida long-arm statute. The statute sets forth the specific acts of a nonresident defendant that will result in specific personal jurisdiction.   Fla. Stat. § 48.193(1)(a).   Based on Plaintiff's jurisdictional statement, there is only one possible relevant subsection, subsection (1)(a)(1), which permits specific jurisdiction where the nonresident defendant is "operating, conducting, engaging in, or carrying on a business venture in this state or having an office or agency in this state."  Fla. Stat. § 48.193(1)(a)(1).

To demonstrate that a nonresident defendant is "carrying on business" the defendant's activities "must be considered collectively and show a general course of business activity in the state for pecuniary benefit."  *Stonepeak Partners, LP v. Tall Tower Capital, LLC*, 231 So. 3d 548, 555 (Fla. 2d DCA 2017).  The Court considers factors including (1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage of overall revenue gleaned from Florida clients.  *Id.*

KCR is not subject to specific jurisdiction under subsection (1)(a)(1) because it does not have an office in Florida, does not otherwise have a presence in Florida, has never had a business license in Florida, does not solicit or serve any Florida clients, and does not generate revenue from Florida clients.  Exh. C, ¶¶ 9-19.

Third, the mere existence of a supposed "contract" between SRI and KCR to make telemarketing calls (which does not exist) would not provide the required "connexity" between the enumerated activity in Florida and Plaintiff's causes of action. *Aegis Def. Servs., LLC v. Gilbert*, 222 So. 3d 656, 661 (Fla. 5th DCA 2017). A contract between two entities—neither of which conduct telemarketing—has no connection to and does not establish a plaintiff's right to relief under the TCPA or the VTPPA. The basis of Plaintiff's FAC is alleged telephone calls made to a Virginia citizen with a Virginia telephone number about a Virginia resort. Plaintiff has not established a Florida-based connection between KCR and this case.

Because KCR is not subject to personal jurisdiction under the Florida long-arm statute, the jurisdictional inquiry ends there. *See United Techs. Corp.*, 556 F.3d at 1274 n.15. Nevertheless, KCR is also entitled to dismissal because the exercise of jurisdiction would violate KCR's federal due process rights.

## 2. The Exercise of Specific Personal Jurisdiction Over KCR by this Court Would Violate KCR's Federal Due Process Rights.

Due process requires that each defendant have minimum contacts with the forum state and that the Court's exercise of jurisdiction over the parties would not offend traditional notions of fair play and substantial justice. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010) (quoting *Heliocopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts can be analyzed

under two distinct theories of personal jurisdiction:  general jurisdiction and specific jurisdiction.  *Heliocopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414. Plaintiff limits his jurisdictional allegations to specific jurisdiction with regard to KCR.  [ECF No. 23, ¶ 9].

In specific personal jurisdiction cases, the Court applies a three-part test, examining: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.  *Louis Vuitton*, 736 F.3d at 1355.  The plaintiff bears the burden of establishing the first two prongs and, if he does so, the Court evaluates whether the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.  *Id.*; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

i.     "Arising Out of" or Relatedness

The plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum.  *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (internal quotation omitted).  The court must focus on the direct causal relationship between the defendant, the forum, and the litigation.  *Id.*; *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Here, Plaintiff's claims do not arise out of or relate to either KCR's or SRI's contacts with Florida.  Plaintiff alleges he received telemarketing calls in Virginia that were made to his Virginia telephone number, regarding a timeshare property in Virginia.  Neither SRI nor KCR conducts telemarketing activities to potential customers.  Exh. A, ¶ 20; *Cardenas*,  2017 WL 3315285 at *4.  Neither SRI nor KCR hire or contract with independent third party contractors to conduct telemarketing activities to potential customers.  Exh. A, ¶ 22; *Cardenas*,  2017 WL 3315285 at *4. Because neither KCR nor SRI makes telemarketing calls, it follows that neither Defendant made any telemarketing calls to Plaintiff.  Because Plaintiff's claims arise entirely from telemarketing calls he allegedly received, he fails to establish a connection between his claims and Defendants SRI and KCR.

## ii.   Purposeful Availment

A defendant must take some action to purposefully avail itself of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (plurality opinion) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *Louis Vuitton*, 736 F.3d at 1357.  The defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Purposeful availment does not require the defendant to physically

enter the forum, *Nicastro*, 564 U.S. at 882, but the defendant must deliberately target the forum with its actions, *Burger King Corp.*, 471 U.S. at 472; *Diamond Crystal Brands, Inc.*, 593 F.3d at 1267-68.

Plaintiff claims he received telephone calls from Defendants or someone acting on behalf of Defendants. But neither SRI nor KCR made telemarketing calls to Plaintiff; neither entity makes telemarketing calls at all. So, neither SRI nor KCR deliberately targeted any forum. And even if SRI or KCR had called Plaintiff in Virginia (they did not), that act would not be directed to Florida. Purposeful availment is lacking and, necessarily, so, too, is specific jurisdiction.

### iii.   Fair Play and Substantial Justice

In addition to minimum contacts, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 476; *Diamond Crystal Brands, Inc.*, 593 F.3d at 1274. The Court looks to factors including: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental and substantive policies. *Burger King Corp.*, 471 U.S. at 477. Here, Florida has no interest in adjudicating what is clearly a Virginia dispute, filed by a Virginia resident, regarding telemarketing calls allegedly made to a

Virginia telephone number.  Virginia is the most convenient and efficient forum to adjudicate this dispute, which involves two Virginia residents (Plaintiff and KCR) and Virginia substantive law (VTPPA).  It is no surprise that Plaintiff previously brought a case related to the King's Creek resort property in the Eastern District of Virginia.  *See* Exh. C.  Florida is neither a convenient nor an efficient forum for Plaintiff or KCR.  Traditional notions of fair play and substantial justice therefore counsel this Court to dismiss Plaintiff's action against KCR.  *Burger King Corp.*, 471 U.S. at 476; *Diamond Crystal Brands, Inc.*, 593 F.3d at 1274.

### B.   The Court Should Dismiss SRI Because SRI Does Not Make Telemarketing Calls.

#### 1.   SRI does not make telemarketing calls.

Because SRI is a parent company that does not conduct telemarketing, it cannot be liable under the TCPA or the VTPPA.  *Bell Atl. Corp.*, 550 U.S. at 555; *Edwards*, 602 F.3d at 1291.  Each of these telemarketing statutes, as a baseline, requires the defendant to have made one or more telemarketing calls as a prerequisite for liability.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2); Va. Stat. § 59.1-514(B); Va. Stat. § 59.1-512; Va. Stat. § 59.1-513.  But multiple sister courts have determined SRI cannot be liable under the TCPA or any similar state statute because it does not make telemarketing calls.  In the District of New Jersey, the Court found that "SRI did not make the calls in question to Plaintiff."  *Cardenas*, 2017 WL 3315285 at *4.  In the District of South Carolina, the Court ruled that

"Plaintiff is precluded from asserting that [SRI] itself made the alleged calls or that [SRI] is liable for the alleged calls." *Cardenas*, 2019 WL 7761707 at *2.   Similarly, the plaintiff in a Southern District of Ohio class action dismissed SRI, acknowledging that "[b]ased on information learned in the jurisdictional discovery ordered by the Court, see ECF No. 20, the First Amended Complaint removes [SRI] as a defendant." Exh. B, at ¶ 2.  It follows that because SRI does not conduct telemarketing, it cannot be liable under the TCPA or the VTPPA.

**2.    Plaintiff previously sued King's Creek entities and is well aware of the parties involved in telemarketing activities for the King's Creek Resort in Virginia.**

Plaintiff admittedly filed at least two previous actions against King's Creek entities.  [ECF No. 23, ¶ 20; Exh. C, ¶ 118].  In those actions, Plaintiff sought relief against VRC and third-party vendors allegedly involved in conducting telemarketing for the King's Creek property.  *See* Exh. C.  In a previous lawsuit, Plaintiff alleged that VRC "exists for the purpose of hiring and supervising third party call centers to generate new business for King's Creek." Exh. C, at ¶ 110. Here, SRI is a parent company that is not involved in making telemarketing calls. Plaintiff was or should have been aware of this fact at the time this action was filed. In sum, rather than attempting to proceed against the entities it pursued in similar prior actions, Plaintiff instead jumps the corporate ladder to pursue SRI, a parent company that does not make telemarketing calls.  Plaintiff's claims against SRI in

this action are thus not plausible and are unable to raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *Edwards*, 602 F.3d at 1291. Dismissal of all Counts of the FAC against SRI is appropriate.[4]

### C. The Court Should Dismiss Count I Because Plaintiff Fails to Plead a Cognizable TCPA Violation Under 47 C.F.R. § 64.1200(c)(2).

#### 1. Plaintiff does not allege the telephone number that received calls is used as a residential telephone line.

This Court should dismiss Count I because Plaintiff does not allege that he used the telephone number ending 1901 for residential purposes. "To prevail under 47 C.F.R. § 64.1200(c)(2), the plaintiff must establish that his cellular number is used for residential purposes." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017). Where (as here) a plaintiff fails to plead facts sufficient for a court to conclude that the cell phone was used for residential purposes, dismissal is appropriate. *Id.*

Here, Plaintiff characterizes his telephone number as being used for "personal purposes." [ECF No. 23, ¶ 17]. He does not allege that the phone number at issue is his residential telephone line or used for residential purposes.

---

[4] The dismissal of SRI from this action has the knock-on effect of requiring dismissal of this action for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a). With KCR as the sole remaining defendant, Plaintiff would be unable to establish that the Middle District of Florida is a proper forum. 28 U.S.C. § 1391(b); *Maki v. Neptune Constr. Group, Inc.*, 310 F. Supp. 3d 1371, 1373 (M.D. Fla. 2018); *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). If SRI is dismissed, KCR must also be dismissed pursuant to Rule 12(b)(3).

Furthermore, Plaintiff has identified a different telephone number, ending in 0212, as his residential phone number.  Exh. C, ¶¶ 70, 101.  Count I should thus be dismissed.  *See Cunningham*, 251 F. Supp. 3d at 1201; *see also Cunningham v. Caribbean Cruise Lines, Inc.*, No. 15-62580-CIV-MORENO, 2016 WL 7494871 at *1-2 (S.D. Fla. Dec. 29, 2016) (granting motion to dismiss where plaintiff "concede[d] that all telephone calls at issue were made to his cellular telephone number" rather than a residential number).

### 2. The dismissal of Count I removes this Court's subject matter jurisdiction over any remaining state-law claims.

Dismissal of Count I of Plaintiff's FAC will remove the basis for this Court's exercise of subject matter jurisdiction and require a dismissal of the remaining state law claims.  For a federal court to exercise supplemental jurisdiction over state-law claims, there must be an underlying civil action within the original jurisdiction of the federal courts.  *See* 28 U.S.C. § 1367(a) (requiring a "civil action of which the district courts have original jurisdiction"); *LaSalle Nat'l Bank v. Wilkinson Mfg. Co.*, No. 92-C-1209, 1992 WL 80053, at *1 (N.D. Ill. Apr. 3, 1992) ("The court cannot have jurisdiction over supplemental claims alone.").  Here, Plaintiff alleges the Court has federal question jurisdiction based on the single TCPA claim, and supplemental jurisdiction over three Virginia state-law claims. [ECF No. 23, ¶ 8].  With the dismissal of Plaintiff's TCPA claim, there is no remaining claim based on a federal statute, and no federal question jurisdiction.

The Court should thus decline to exercise supplemental jurisdiction over any orphaned state-law claims.  28 U.S.C. § 1367(c)(3) (permitting district courts to decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction"); 28 U.S.C. § 1367(c)(2) (permitting district courts to decline to exercise supplemental jurisdiction when the remaining claim(s) "substantially predominates over the claim or claims over which the district court had original jurisdiction").

## V.    CONCLUSION

For all of the foregoing reasons, Defendants, Spinnaker Resorts, Inc. and King's Creek Resorts LLC, respectfully request the Court grant this Motion to Dismiss and enter an Order: (1) dismissing all Counts against KCR for lack of personal jurisdiction, (2) dismissing all Counts against SRI for failure to state a claim upon which relief may be granted, (3) dismissing Count I against Defendants for lack of standing and failure to state a claim, and (4) dismissing the FAC for improper venue.

### LOCAL RULE 3.01(g) CERTIFICATE

The undersigned counsel for Defendants certifies that, in compliance with his obligations under Local Rule 3.01(g) he conferred with counsel for Plaintiff, Avi Kaufman, Esq., regarding the basis of the instant Motion to Dismiss and Plaintiff advised that he intends to oppose the Motion.

Dated: March 8, 2022                    Respectfully submitted,


                                        /s/   *Donald A. Blackwell*
                                        FRANK D. HOSLEY
                                        Florida Bar No. 078972
                                        DONALD A. BLACKWELL
                                        Florida Bar No. 370967
                                        **BOWMAN AND BROOKE LLP**
                                        1064 Greenwood Blvd. Suite 212
                                        Lake Mary, Florida 32746-5419
                                        Tel: (407) 585-7600
                                        Fax: (407) 585-7610

                                        Robert A. Assuncao
                                        (*admitted pro hac vice*)
                                        Steven F. Gooby
                                        (*admitted pro hac vice*)
                                        **ANSA ASSUNCAO LLP**
                                        100 Matawan Road, Suite 410
                                        Matawan, New Jersey 07747
                                        Tel: (732) 993-9850
                                        Fax: (732) 993-9851

                                        *Attorneys for Defendants Spinnaker Resorts,*
                                        *Inc. and King's Creek Resorts LLC*

### <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 8, 2022, a true and correct copy of the

foregoing document was served to the parties electronically using the Court's

CM/ECF system.


                                        /s/   Donald A. Blackwell
                                        DONALD A. BLACKWELL
                                        Florida Bar No. 370967